982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael J. ROBINSON, Plaintiff-Appellant,
v.
Bernard SMITH, Superintendent; Debra Stonebraker,
Defendants-Appellees.
 No. 92-3170.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 We grant plaintiff Michael J. Robinson's motion for leave to proceed without prepayment of costs or fees and the application for a certificate of probable cause. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the dismissal of his 42 U.S.C. § 1983 complaint against the superintendent and an instructor at the facility in which he is incarcerated. That complaint alleges plaintiff was not afforded due process, was denied equal protection of the law, and was subjected to cruel and unusual punishment in violation of the Eighth Amendment. The only issue on appeal is whether the district court properly dismissed the complaint for failing to state a claim.
 
 
 3
 We have reviewed the record and agree with the district court that this litigation stems from a verbal confrontation between plaintiff and an instructor in the basic education program at the Hutchinson Correctional Facility. Instructor Stonebraker informed plaintiff that his lack of work warranted a "work performance disciplinary report." His apparent response that "[Y]ou can go ahead and write me up, but you'll get yours in the next two weeks" resulted in a written disciplinary report by the instructor. Att. to Complaint, dated July 16, 1991. Plaintiff was removed from that class for safety reasons. Other inmates voicing similar threats also have been removed from classes from time to time. Att. to Complaint, dated Aug. 2, 1991. Thereafter, plaintiff participated in a hearing to determine the feasibility of permitting his re-enrollment in the class. Although the disciplinary report of the instructor was dismissed following that hearing, plaintiff was nonetheless indefinitely denied re-enrollment due to safety and security concerns. Att. to Complaint, dated Aug. 30, 1991, and March 13, 1992.
 
 
 4
 We agree with the district court that plaintiff's complaint fails to state a claim for relief cognizable under 42 U.S.C. § 1983. The complaint does not allege infringement of a right, privilege or immunity secured by the Constitution or laws of the United States. The instructor's disciplinary report appears to have been processed consistent with procedures designed to accommodate institutional needs with plaintiff's retained rights. Plaintiff successfully challenged that report. Sufficient due process and equal protection of the law were afforded plaintiff. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).
 
 
 5
 The Eighth Amendment protects the core areas of shelter, sanitation, food, personal safety, medical care and adequate clothing. Ramos v. Lamm, 639 F.2d 559, 566 (10th Cir.1980). Receipt of desirable aids to rehabilitation, such as education, may be delayed without violating the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 348 (1981). This circuit has never determined that prisoners enjoy an entitlement to educational or rehabilitation services, only to an environment non-threatening to mental and physical well being. Battle v. Anderson, 564 F.2d 388, 403 (10th Cir.1977). A limitation on educational privilege, particularly to further a legitimate concern such as articulated by the penal institution here, is not a denial of a federally-guaranteed right. Consequently, we hold that the district court's dismissal was appropriate.
 
 
 6
 AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3